IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CALVIN DEAN PETERS,**

      **Petitioner,**

vs.                                              No. 07-CV-1301 BB/ACT

**MICHAEL HEREDIA, Warden**
**and GARY K. KING, Attorney General**
**of the State of New Mexico,**

      **Respondents,**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

      **THIS MATTER** comes before the Court on Petitioner Calvin Dean Peters' Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody. [Doc. No. 1]. Peters, appearing *pro se*, filed his Application on December 26, 2007. Respondent filed an Answer, with accompanying Exhibits, on March 31, 2008. [Doc. No. 11]. The United States Magistrate Judge, having reviewed the application, the Answer, the accompanying Exhibits and the relevant law, recommends that the Application for a Writ of Habeas Corpus be DENIED ON THE MERITS.

PROPOSED FINDINGS

PROCEEDINGS AND PLEADINGS

    1.  Peters is in the lawful custody of Respondent Heredia and was convicted in the Eleventh Judicial District Court, San Juan County Cause No. CR-92-608-3. [Doc. 1].

    2.  In his federal habeas petition, Peters contends that his federal due process rights were violated during the course of a disciplinary proceeding in 1997 and then again during another

disciplinary proceeding in 1999, both resulting in disciplinary segregation and the loss of good time credit. [Doc. No. 1].

3.  On March 31, 2008, Respondents filed their Answer. [Doc. No. 11]. Respondents request that the Court dismiss Peters' petition on the grounds that the issues presented were procedurally defaulted in state court. *Id.*

## FACTUAL AND PROCEDURAL HISTORY

4.  On February 5, 2001, Peters, appearing *pro se*, filed a Petition for Writ of Habeas Corpus in the First Judicial District Court, County of Santa Fe, State of New Mexico, D-010-CR-2001-00101. [Doc. No. 11, Ex. A]. Peters alleged that his due process rights were violated during disciplinary proceedings in 1997 and 1999. *Id.* On November 11, 2001, the Public Defender's Office was appointed to represent Peters, and on February 28, 2002, an Amended Petition for Writ of Habeas Corpus was filed on Peters' behalf. [Doc. No. 11, Ex. B and I]. On July 18, 2002, Respondents submitted a response to the amended petition. [Doc. No. 11, Ex. C]. On August 19, 2003, Attorney P. Jeffrey Jones entered his appearance on behalf of Peters. [Doc. No. 11, Ex I]. Following a status conference in State District Court, Respondents filed a Motion to Dismiss. [Doc. No. 11, Ex. D].

5. On October 21, 2005, the State District Court Judge held an evidentiary hearing on Peters' petition. According to Respondents, Judge Vigil represented to the parties that he found no violations of procedures during Peters' 1997 and 1999 disciplinary hearings and informed the parties that he was inclined to dismiss the petition but allowed Peters to supplement the record with an affidavit and any attachments to support his claims. [Doc. No. 11, Ex. F]. Peters, again appearing *pro se*, filed a Traverse to Respondents' Answer to Amended Petition and Reply to Respondents'

Motion to Dismiss. [Doc. No. 11, Ex. E]. In response, Respondents filed an Amended Motion to Strike Petitioner's Traverse and Motion for Judgment on the Pleadings. [Doc. No. 11, Ex. F]. On February 9, 2006, Jones filed a motion to be relieved as counsel for Peters. [Doc. No. 11, Ex. J].

6. After reviewing the evidence presented at the hearing, as well as the briefs of Peters and Respondents, the State District Court denied Peters' petition. [Doc. No. 11, Ex. G and H]. The court also granted Jones' February 9, 2006, motion and released Jones as counsel for Peters. [Doc. No. 11, Ex. K]. At the same time, the court ordered the Public Defender Department to assign new counsel to Peters. *Id.*

7. On September 26, 2006, the Supreme Court of the State of New Mexico granted Peters an extension of time to file a petition for writ of certiorari until November 20, 2006. [Doc. 11, Ex. L]. A second extension was granted to December 20, 2006. [Doc. 11, Ex. M]. No other entries were made on the docket. *Id.* On January 9, 2007, the matter was dismissed by the New Mexico Supreme Court for failure to perfect the appeal. [Doc. No. 11, Exs. M and N].

8. Peters filed his federal habeas petition with the Court on December 26, 2007. [Doc. No.1]. Respondents filed their Answer on March 31, 2008. [Doc. No. 11].

## DISCUSSION

9. Peters' §2554 petition will be construed as one brought under 28 U.S.C. § 2241 because the petition challenges only the execution of petitioner's sentence, rather than the fact of his conviction. *See Hamm v. Saffle,* 300 F.3d 1213, 1216 (10th Cir. 2002)(construing a §2254 petition as one falling under §2241 because it challenged the execution of the sentence). *See also, Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir. 2000)(attack on the execution of a sentence as it affects the duration of confinement fits better under §2241).

10.  Whether construed under § 2241 or § 2254, it makes little difference with respect to the issue of exhaustion or procedural default since those rules are applied in the same manner to both types of petitions. *Montez*, 208 F.3d at 866.   A state prisoner bringing a federal habeas petition bears the burden of showing he exhausted state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir.1992).

11.  A federal court may consider a petition for writ of habeas corpus only after the petitioner first presents his claims to a state court and exhausts his state remedies, unless "there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if the federal issue was properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack. *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The Tenth Circuit has held that a state prisoner does not fully exhaust state remedies without timely seeking certiorari review with the state supreme court. *Barnett v. LeMaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (*citing Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992)); *Watson v. State of New Mexico*, 45 F.3d 385, 387 (10th Cir. 1995).

12.  Peters did not file a petition for writ of certiorari with the New Mexico Supreme Court after his habeas petition was denied and, therefore, has not fully exhausted his claim.

13.  When a petitioner has failed to fulfill the exhaustion requirement, a court will generally dismiss the petition without prejudice to allow the petitioner to exhaust his state remedies. *Demarest v. Price,* 130 F. 3d 922, 939 (10th Cir. 1997).  However, this disposition "is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." *Smallwood v. Gibson,* 191 F.3d 1257, 1267 (10th Cir. 1999).   A claim is

procedurally defaulted for purposed of federal habeas review if the petitioner does not obtain timely review of the trial court decision by the New Mexico Supreme Court. *Watson v. New Mexico,* 45 F.3d 385, 387 (10th Cir. 1995); *Ballinger v. Kerby*, 3 F.3d 1371, 1374 (10th Cir. 1993). When the New Mexico Supreme Court denies a petition as untimely, without considering the merits, it is an independent and adequate state ground for denying relief. *See Ballinger,* 3 F.3d at 1374.

14. Peters' claims are procedurally defaulted by virtue of his failure to seek certiorari review with the New Mexico Supreme Court

15.  Peters can excuse his default if he can  show that some objective fact external to the defense impeded his efforts to raise the defaulted claims in state court. *Maes v. Thomas*, 46 F.3d 979, 987 (10th Cir. 1995). Objective factors that constitute cause include interference by officials making compliance with the procedural rule impracticable or a showing that the factual and legal basis of the claim was not reasonably available. *Id.*

16.  Alternatively, Peters may prevail in the face of a procedurally defaulted claim if he can demonstrate that denial of his claims will result in a fundamental miscarriage of justice. *Smith v. Murray*, 477 U.S. 527, 537 (1986). In the context of procedural default, a "fundamental miscarriage of justice" involves extraordinary circumstances such as when a constitutional violation probably has caused the conviction of one innocent of the crime. *Murray v. Carrier,* 477 U.S. 478, 496 (1986).

17.  Peters makes no showing or even attempt of showing "cause" excusing his default and "actual prejudice" resulting from errors, "both of which are required to overcome a presumption of dismissal when issues are raised for the first time on collateral attack; nor, alternatively, does he

demonstrate a fundamental miscarriage of justice." *McPherson v. Miers,* 7 Fed. Appx. 845, 848 - 49, (10th Cir. 2001).

18. Because Peters failed to file a petition for writ of certiorari and because he does not show cause and prejudice or a fundamental miscarriage of justice, he is procedurally barred from raising these issues in this federal habeas petition. Thus, the Court recommends dismissal of Peters' petition.

## CONCLUSION

19. The Court recommends that the Petitioner's Application for a Writ of Habeas Corpus be DENIED because the Petitioner has failed to establish that he is in custody pursuant to a State court judgement in violation of the Constitution of the United States.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                                                **Alan C. Torgerson**
                                                                **UNITED STATE MAGISTRATE JUDGE**